No. 05-164

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 205N

IN RE THE MARRIAGE OF

NANCY SHAPARD,

> Petitioner and Appellant,

v.

JOSEPH CRUSE,

> Respondent and Respondent.

APPEAL FROM:     The District Court of the Thirteenth Judicial District,
In and For the County of Yellowstone, Cause No. DR 03-972,
Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

> For Appellant:

> Linda L. Harris, Harris Law Firm, P.C., Billings, Montana

> For Respondent:

> Jill Deann LaRance, LaRance & Syth, P.C., Billings, Montana

> Submitted on Briefs:  June 7, 2006

> Decided:  August 29, 2006

Filed:

_____
Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1　Pursuant to Section I, Paragraph 3(d), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2　Nancy Shapard ("Shapard") and Joseph Cruse ("Cruse") were married on December 31, 1999. They have one minor child, Sarah. The District Court issued a decree of dissolution on September 30, 2004. The court awarded Cruse custody of Sarah and ordered Shapard to pay child support. In calculating Shapard's income, the court included the rental value of housing that Shapard receives for free from her parents.

¶3　On appeal, Shapard argues that the District Court abused its discretion by imputing income to Shapard based on the rental value of her free housing. Shapard, however, included her own estimate of the rental value of this property as income on the final child support calculation that she filed with the District Court. During the dissolution hearing, Shapard testified about the rental value of this property on direct examination and cross-examination and did not object to including it as income. In addition, Shapard failed to object when Cruse offered an exhibit that includes the rental value of her free housing as a discrete source of income. "Failure to object to an alleged error precludes an appellant from raising that issue on appeal." *Buhr ex rel. Lloyd v.*

*Flathead Co.*, 268 Mont. 223, 254, 886 P.2d 381, 400 (1994) (quoting *Barrett v. ASARCO, Inc.*, 245 Mont. 196, 205, 799 P.2d 1078, 1083 (1990)).  Having included the rental value of her free housing as income in documents filed with the District Court, and having never brought this alleged error to the attention of the District Court, Shapard may not raise it for the first time on appeal.

¶4     It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions.  It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.

¶5     We affirm.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ JOHN WARNER
/S/ PATRICIA COTTER